UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRYANT LUMPKIN,

    Plaintiff,

v.                                                Case No. 8:24-cv-02858-WFJ-AEP

BANK OF AMERICA, N.A.,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    This cause comes before the Court on Plaintiff Brant Lumpkin's Motion to Proceed *In Forma Pauperis*. (Doc. 2). Upon review, Plaintiff has failed to establish that he is indigent. It is therefore recommended that Plaintiff's motion be denied.

**I.**    **Legal Standard**

    Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security. 28 U.S.C. § 1915(a)(1). Namely, the court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The right to proceed *in forma pauperis* in civil matters is not absolute, however, but rather "a privilege extended to those unable to pay filing fees when the action is not frivolous

or malicious." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969) (per curiam).[1] A court's decision to grant *in forma pauperis* status to a party is discretionary and should be granted only to those who are truly indigent. *Larkin v. Astrue*, No. 3:07-cv-01208-J-32TEM, 2008 WL 1744856, at *1 (M.D. Fla. April 11, 2008) (citing *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983)).

When considering whether a litigant is indigent under § 1915, the only determination to be made by the district court is "whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)). In making this determination, the district court must compare the litigant's assets and liabilities. *Thomas v. Chattahoochee Judicial Circuit,* 574 F. App'x 916, 917 (11th Cir. 2014). Courts may also consider the income of a party's spouse and joint assets when determining a party's status. *See, e.g., Jones v. St. Vincents Health Sys.*, No. 3:07-cv-177-J-32TEM, 2007 WL 1789242, at *1 (M.D. Fla. June 19, 2007) (denying the plaintiff's motion to proceed *in forma pauperis* because the plaintiff's total monthly household income, which was derived primarily from the spouse's income, exceeded joint monthly expenses).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

**II.     Discussion**

In this instance, the information provided in Plaintiff's application fails to establish his financial eligibility to proceed *in forma pauperis*. Specifically, within his application, Plaintiff reports having $6,000 in savings, a monthly income of $7,200 for the past twelve months, and no extenuating debts. Such a financial standing does not satisfy the requirements for *in forma pauperis* status. Further, the essence of Plaintiff's claim is that Defendant allegedly committed age discrimination in denying his $200,000 automobile loan application as there was "no legitimate financial basis for the denial" (Doc. 1, ¶ 4.5). Without discussing the viability of Plaintiff's claim or whether Plaintiff has alleged sufficient facts for his claim, it is worth noting that Plaintiff's assertion that he should have otherwise qualified for a $200,000 automobile loan is incongruent with an *in forma pauperis* application. In light of the foregoing, the Court finds that Plaintiff maintains sufficient assets to pay the filing fee.

Accordingly, it is RECOMMENDED:

1. Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) be DENIED.

2. Plaintiff be directed to pay the filing fee to continue this action within fourteen (14) days of the adoption of this Order, and Plaintiff be advised that failure to timely pay the filing fee may result in the dismissal of this matter without further notice. *See* M.D. Fla. R. 3.10(a).

IT IS SO REPORTED in Tampa, Florida, this 3rd day of January 2025.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record

## NOTICE TO PARTIES

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**

cc:   Hon. William F. Jung
      Counsel of Record